IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Anna Toves,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **Civil Action No.** |
| **Mercy-GoHealth Urgent Care, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT &
THE MISSOURI MINIMUM WAGE LAW**

**COMES NOW** Plaintiff Anna Toves (hereinafter "Ms. Toves" or "Plaintiff") by and through counsel, and for her Complaint against Defendant Mercy-GoHealth Urgent Care, LLC ("Defendant"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant under federal and state law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

4. Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq*.

5. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; as well as attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Anna Toves is an adult resident of St. Peters, St. Charles County, Missouri.

7. Defendant Mercy-GoHealth Urgent Care, LLC is a Delaware-based limited liability company, registered to do business in Missouri, and may be reached for service through its registered agent, CSC Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under Missouri state law are so related to Plaintiff's claims under federal law that they form the same case or controversy, pursuant to Article III of the United States Constitution.

10. Defendant transacts substantial business in the state of Missouri, employs citizens of the state of Missouri, and is registered and subject to service of process in Missouri. Therefore, this Court has personal jurisdiction over Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## **FACTUAL BACKGROUND**

12. Defendant Mercy-GoHealth Urgent Care, LLC is a collaborative venture between Mercy Health, a large not-for-profit multi-state health system headquartered in St. Louis, and GoHealth Urgent Care, a leading urgent care provider.

13. Mercy-GoHealth Urgent Care operates a network of co-branded urgent care centers across several Midwest markets, including St. Louis, Springfield, Oklahoma City, and Northwest Arkansas.

14. These centers are open seven days a week with extended hours and are equipped with on-site labs, digital X-ray, EKG, and point-of-care testing to provide both diagnosis and treatment.

15. On or about May 27, 2024, Defendant hired Ms. Toves to work as an Operations Specialist.

16. Ms. Toves has worked in the position of Operations Specialist from her date of hire to the present.

17. As an Operations Specialist, Ms. Toves's job duties include ensuring health care providers' timecards are correct and handling other clerical and administrative tasks as needed.

18. Ms. Toves is paid an annual salary of $74,300, regardless of the number of hours he worked.

19. When Ms. Toves was hired by Defendant she was promised a position of high-level responsibility and a standard 40-hour work week, from 9:00 a.m. to 5:00 p.m., Monday through Friday.

20. Instead, she has been given steadily increasing low-level duties, including responsibility for provider payroll.

21. As a result, she has been forced to work seven days a week, totaling 60 to 70 hours, every other week on the payroll processing weeks and roughly 55 hours on the other weeks.

22. Ms. Toves is constantly being pressured to work additional hours, but because management treats her as an exempt, salaried employee, she is expected to work these long hours without any additional pay.

23. Defendant has no system for tracking Ms. Toves's hours.

24. Defendant has never paid Ms. Toves an overtime premium for the hours she has worked over forty in a work week.

25. Ms. Toves's job does not involve the supervision of others, and she has no authority to hire or fire Defendant's employees, nor are her suggestions as to the hiring and firing of employees given any particular weight.

26. Ms. Toves's job does not involve the exercise of discretion and independent judgment in significant matters affecting business operations.

27. Ms. Toves does not have the authority to make important decisions; she simply processes timecards and other routine bookkeeping and clerical tasks.

28. At least one of Ms. Toves's co-workers, Jessica Eiland, has the same title and job duties as Ms. Toves but is paid on an hourly basis and receives a premium for all overtime work.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

30. At all relevant times, Defendant's annual gross business done was not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

31. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

32. Accordingly, at all relevant times, Defendant was a covered "employer" subject to the enterprise coverage of the FLSA. 29 U.S.C. § 203(s)(1).

33. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

34. At all relevant times, Plaintiff was a non-exempt employee and subject to the coverage of the FLSA.

35. During the relevant period, Plaintiff regularly worked more than forty hours in a workweek.

36. During the relevant period, Defendant willfully failed to pay Plaintiff an overtime premium for her hours worked over forty in a given workweek.

37. Instead, Defendant paid Plaintiff the same amount each week regardless of her hours worked.

38. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant have violated the FLSA, 29 U.S.C. § 207(a)(1).

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. The foregoing conduct, as alleged, also fails to meet the standard of good faith

compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

41. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

42. At all relevant times, Defendant was a covered employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

43. At all relevant times, Plaintiff was a covered employee, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

44. The MMWL requires employers, including Defendant, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

45. Defendant has willfully failed and refused to pay Plaintiff an overtime premium equivalent to one and one-half times their regular rate of pay whenever these employees work more than forty hours in a workweek.

46. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant have violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Anna Toves prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and MMWL;

2. An award of money damages for unpaid wages, including liquidated damages and treble damages in an amount to be determined at trial;

3. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4. Pre-judgment interest, as provided by law;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

          Respectfully submitted,

          s/*Philip E. Oliphant*
          Philip E. Oliphant, Bar Number: 25990(TN)
          THE ROLWES LAW FIRM, LLC
          254 Court Avenue, Suite 305
          Memphis, TN 38103
          901.519.9135 (voice)
          901.979.2499 (fax)
          poliphant@rolweslaw.com

          s/Edward J. Rolwes
          Edward J. Rolwes, Bar Number: 51522(MO)
          THE ROLWES LAW FIRM, LLC
          2333 South Hanley Road, S. 104
          St. Louis, MO  63144
          314-806-9626 (voice)
          314-472-0900 (fax)
          erolwes@rolweslaw.com

          *Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

      I, **Anna Toves,** verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Anna Toves (May 29, 2025 12:29 CDT)*

**Anna Toves**

Date: 05/28/25