EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into this 14th day of August, 2025 by and between Anna Toves ("Plaintiff") and Mercy-GoHealth Urgent Care, LLC ("Defendant"). Plaintiff and Defendant are collectively referred to herein as "the Parties."

**WITNESSETH:**

**WHEREAS,** Plaintiff filed a Complaint against Defendant in the United States District Court for the Eastern District of Missouri, Eastern Division, captioned *Anna Toves v. Mercy-GoHealth Urgent Care, LLC,* Case No. 4:25-cv-00785-MTS (the "Civil Action");

**WHEREAS**, Plaintiff asserted claims against Defendant for alleged violation(s) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Missouri Minimum Wage Law,  Mo. Rev. Stat. § 290.500, *et seq*. (including, without limitation, claims asserted under or pursuant to  Mo. Rev. Stat. § 290.500, (3), (4) and 290.505 (1)  ("MMWL");

**WHEREAS**, Defendant denies the allegations asserted in the Civil Action and further denies it is liable to Plaintiff in any way;

**WHEREAS,** the Parties have reached a settlement of all of Plaintiff's claims, whether or not asserted or that could have been asserted in the Civil Action and mutually desire herein to formally and amicably resolve any and all disputes or potential disputes among them in order to avoid the expense and inconvenience of further litigation;

**WHEREAS**, the Parties agree to file a Joint Motion for Approval of this settlement, and upon Court approval of same, Plaintiff agrees to file an agreed-upon Stipulation of Dismissal of her claims in the Civil Action within ten (10) business days of delivery of the Settlement Funds described below, which will dismiss with prejudice all claims Plaintiff has asserted in the Civil Action;

**WHEREAS,** the full and final settlement of Plaintiff's claims is contingent upon the dismissal of the Civil Action with prejudice; and

**NOW THEREFORE,** in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    **Consideration.** In consideration of the mutual execution of this Settlement Agreement and General Release, and the dismissal with prejudice of the Civil Action, the undertakings herein, and the agreement to be legally bound, Defendant agrees to pay the total gross amount of Thirty Thousand/100 Dollars ($30,000.00) (the "Consideration"), allocated as follows:

1

A.  One check for $6,800.00 payable to Plaintiff for Plaintiff's disputed claims for lost wages, less applicable withholdings, and reported on an IRS Form W-2;

B.  One check for $8,200.00 payable to Plaintiff for Plaintiff's disputed claims for non-wage damages and reported on an IRS Form 1099;

C.  One check for $5,000.00, payable to Plaintiff in return for Plaintiff's agreement to the General Release contained herein and reported on an IRS Form 1099;

D.  One check for  $10,000.00 payable directly to Plaintiff's counsel to The Rolwes Law Firm, for alleged attorney's fees, and reported on Form 1099; and

E.  All checks shall be sent via FedEx overnight, or equivalent, to the Rolwes Law Firm, LLC, 254 Court Avenue, Suite 305, Memphis, TN 38103.

Further, Defendant shall pay all costs of mediation upon receipt of the invoice from Neuner Mediation & Dispute Resolution.

The Consideration will be paid within 30 days following the full and complete execution of this Agreement, the receipt of a W-9 from Plaintiff and Plaintiff's counsel, and Court approval, whichever comes latest.

This settlement is subject to Court approval. The Parties shall request such approval to include a dismissal of the Lawsuit with prejudice, with each party to bear its own costs and attorney's fees except as otherwise agreed herein.

2.      **No Pending Disputes.** Plaintiff represents that other than the Civil Action, Plaintiff has asserted no other pending administrative charges, lawsuits, civil actions or claims of any kind against any Defendant, or its respective predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, members, managers, agents, attorneys, insurers, reinsurers, or employees. If any such matters exist, Plaintiff agrees to dismiss any such lawsuit or administrative proceeding with prejudice, without fees or costs and waiving all rights of appeal. Plaintiff acknowledges that she has been fully compensated for her claims, and that she would not be entitled to any further compensation, penalties, or other remedies to the extent any administrative agency seeks further recovery for her claims.

3.      **General Release.**  Plaintiff hereby irrevocably and unconditionally releases and discharges forever Defendant, and additionally Access Clinical Holdings of Missouri, LLC, Access Clinical Partners, LLC d/b/a GoHealth Urgent Care, and each of their  respective predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, members, managers, agents, attorneys, joint venture partners, insurers, reinsurers, or employees (collectively, the "Releasees") from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), grievances, debts, sums of money, accounts, contracts, controversies, promises, damages, judgments, executions, liabilities, claims, demands, costs or expenses of any kind or nature whatsoever, whether at law or in equity, or both, whether known or unknown, concealed or hidden, suspected or unsuspected, fixed, liquidated or contingent, direct or derivative, which she had, now has, or may in the future

2

claim to have, by reason of any act, matter, thing or cause whatsoever on or prior to the date of this Agreement, including but not limited to the claims made in the Civil Action, and any such claims arising out of or relating to Plaintiff's application for employment or employment with Defendant and/or the termination of employment with Defendant and/or pursuant to any federal, state, or local law, including, without limitation, any claims arising under the following:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Civil Rights Act of 1866, 42 U.S.C. § 1981;

- The Civil Rights Act of 1871, 42 U.S.C. § 1985;

- The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA");

- The Workers Adjustment and Retraining Notification Act, 29 U.S.C.A. §§ 2101 *et seq.*;

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Americans with Disabilities Amendments Act of 2008;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Fair Labor Standards Act, 29 U.S.C. § 101 *et seq.*;

- The Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy; contract; tort; or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the above matters.

The specific laws, rules and/or regulations listed above are examples and not intended to limit the generality of this release, which is a full and general release of all claims, known or unknown. It is the specific intent and purpose that Plaintiff releases and discharges Releasees from any and all claims and causes of action of any kind or nature whatsoever, which may exist or might be claimed to exist at or prior to the date hereof, including any claims whatsoever that has, through oversight or error, intentionally or unintentionally, been omitted from this Agreement provided, however, that nothing in this Paragraph shall be construed to waive any party's right to enforce any provision of this Agreement. It is agreed and understood that this release by Plaintiff is a general release of any and all claims to be broadly construed, and that Plaintiff fully and generally releases Defendant and all of the Releasees.

4. **No Admission of Wrongdoing.** This Agreement does not constitute an admission by Defendant or any Releasee(s) of any wrongdoing with regard to Plaintiff's application for employment, employment with or separation from employment or of any violation by either party of any federal, state or local law, ordinance or regulation, any collective bargaining agreement,

3

or of any violation of Defendant's policies or procedures or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Defendant or the Releasees. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

5. **Resignation of Employment.** Plaintiff is deemed to have resigned her employment, effective July 30, 2025. Defendant agrees that Plaintiff shall continue to be paid as if she had remained employed through the earlier of (a) 60 days from July 30, 2025 or (b) the date of Court approval, but that the amount of such payments shall be credited toward the W-2 portion (and, as necessary, the 1099 portion) of the Consideration. Unless the Parties otherwise agree, if the settlement is not approved by the Court, Plaintiff will repay to Defendant the gross amount paid to her by Defendant between July 31, 2025 and the date of the Order rejecting the settlement. Plaintiff will make such payment within thirty (30) days of the Court's order rejecting the settlement. Any failure by Plaintiff to repay such payments shall constitute a breach of this Agreement and the prior Term Sheet executed between the Parties, and shall be enforceable by Defendant, notwithstanding the Court's rejection of the settlement.

6. **No Rehire.** Plaintiff expressly agrees never to seek or accept employment or reinstatement with Defendant or any Releasee and forever discharges Defendant and these other entities from any obligation to employ Plaintiff in any capacity. If Plaintiff is inadvertently hired, the Parties agree that this Agreement will serve as a lawful basis for terminating Plaintiff's employment with Defendant or any Releasee.

7. **Neutral Reference.** Plaintiff will direct all requests for references to Defendant's Human Resources Department, which shall provide Plaintiff's dates of employment and job title. A failure by Plaintiff, or anyone seeking a reference at Plaintiff's direction or request, to direct requests for reference pursuant to this paragraph to Defendant's Human Resources Department shall constitute a waiver by Plaintiff of the requirement that Defendant fulfill its obligations under this paragraph. Defendant's Human Resources Department shall only provide Plaintiff's dates of employment and job title in response to an employment-related request.

8. **Non-Disparagement.** Plaintiff expressly agrees and covenants that Plaintiff will not at any time make, publish, or communicate to any Person or entity or in any public forum, including on social media, any defamatory or disparaging remarks, comments, or statements concerning Defendant, the Releasees, or any urgent care centers managed by Defendant. This Section does not, in any way, restrict or impede Plaintiff from: (A) exercising protected rights to the extent that such rights cannot be waived by agreement or (B) from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or any authorized Government Agency. This Section does not prohibit or restrict Plaintiff (or Plaintiff's attorney) from initiating communications directly with, or responding to any inquiry from, any Government Agencies, or providing testimony before any court or Government Agencies, regarding Defendant or the facts or circumstances of Plaintiff's employment with Defendant.

9. **Confidentiality.** Except as necessary to obtain Court approval of the settlement, Plaintiff agrees that the terms and conditions of this Agreement shall remain confidential and she

shall not disclose them to any other person, other than her spouse and legal and financial advisors, who shall also be advised of their confidentiality and who shall agree to be bound by this confidentiality agreement. Without limiting the generality of the foregoing, Plaintiff further agrees that she shall not respond to or in any way participate in or contribute to any public or private discussion, notice or other publicity concerning or in any way relating to the fact, execution or terms of this Agreement, or to the claims leading to the execution of this Agreement. Plaintiff agrees that any disclosures in violation of this Section (including by her spouse and legal and financial advisors) shall constitute and be treated as a material breach of this Agreement by Plaintiff, unless previously waived through public disclosure by Defendant (as applicable) by means other than in response to a subpoena, discovery request in litigation or arbitration. The confidentiality requirement set forth in this Paragraph shall apply except as prohibited by any federal, state or local law, ordinance or regulation, or public policies pertaining thereto.

10.    **Tax Liability.** Plaintiff agrees that she shall be exclusively liable for the payment of all federal and state taxes which may be due as the result of the consideration described in Paragraph 1 and that such payments are made for the settlement of disputed claims as set forth herein.  Plaintiff hereby represents that she shall make payments on such taxes at the time and in the amount required of them, if any.

11.    **Indemnification.** Plaintiff further agrees to defend, indemnify and hold harmless Defendant and Releasees from any and all claims asserted by any person or entity, including but not limited to claims for loss of consortium, relating to or arising out of the claims that are or could have been asserted by Plaintiff or as a result of Plaintiff's execution of this Agreement.

12.    **Entire Agreement.** This Agreement constitutes and contains the entire agreement and the other subject matters addressed in the Action between the Parties and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

13.    **Severability.** If any provision of this Agreement or the application thereof, except the release set forth in Paragraph 3, is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable. In the event the release set forth in Paragraph 3 is declared invalid or unenforceable in whole or in material part (including, as to Plaintiff's release of any claim asserted in the Civil Action), the Agreement shall be null and void and Plaintiff shall return the Consideration paid hereunder.

14.    **Modification.** Plaintiff has carefully read and fully understands all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Plaintiff acknowledges that she has not relied upon any representation or statement, written or oral, not set forth in this Agreement.

15.    **Counterparts.** This Agreement may be executed in counterparts. Electronic signatures and handwritten signatures shall have the same efficacy and each counterpart, when

executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

16.    **Choice of Law.** This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Missouri, notwithstanding its rules governing choice of law. The U.S. District Court for the Eastern District of Missouri shall be the sole and exclusive jurisdiction for any dispute arising from or relating to this Agreement, to the extent subject matter jurisdiction exists in such Court.  If subject matter jurisdiction does not exist in such Court, The Circuit Court of Cole County, Missouri shall be the sole and exclusive jurisdiction for any dispute arising from or relating to this Agreement.

17.    **Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

18.    **Breach.** In the event of an action for breach of the settlement, the prevailing party in such action shall be entitled to recover its reasonable attorneys' fees from the non-prevailing party.

19.    **Representation by Counsel.**  All Parties were represented by counsel in the negotiation, drafting, and execution of this Agreement. As such, the Parties agree that any rule of construction that would result in a term being construed against the drafter shall not apply.

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the dates set forth below.

Dated:  August __08__, 2025

Anna Toves (Aug 8, 2025 09:57:55 CDT)
_____
Anna Toves

Dated:  August _____, 2025                              Mercy-GoHealth Urgent Care, LLC

_____
By: Sarah Coy
Regional President

# Anna Toves-MGHUC - Settlement Agreement Final

Final Audit Report                                                        2025-08-08

| | |
|---|---|
| Created: | 2025-08-07 |
| By: | Philip Oliphant (poliphant@rolweslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAK9P8uO1Uu78tThp8pcqbliOIM097D_my |

## "Anna Toves-MGHUC - Settlement Agreement Final" History

📄 Document created by Philip Oliphant (poliphant@rolweslaw.com)
2025-08-07 - 8:51:56 PM GMT

✉ Document emailed to Anna Toves (a.toves2020@gmail.com) for signature
2025-08-07 - 8:52:00 PM GMT

📄 Email viewed by Anna Toves (a.toves2020@gmail.com)
2025-08-08 - 2:54:22 PM GMT

✍ Document e-signed by Anna Toves (a.toves2020@gmail.com)
Signature Date: 2025-08-08 - 2:57:55 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-08 - 2:57:55 PM GMT

Adobe Acrobat Sign

executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

16.    **Choice of Law.** This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Missouri, notwithstanding its rules governing choice of law. The U.S. District Court for the Eastern District of Missouri shall be the sole and exclusive jurisdiction for any dispute arising from or relating to this Agreement, to the extent subject matter jurisdiction exists in such Court. If subject matter jurisdiction does not exist in such Court, The Circuit Court of Cole County, Missouri shall be the sole and exclusive jurisdiction for any dispute arising from or relating to this Agreement.

17.    **Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

18.    **Breach.** In the event of an action for breach of the settlement, the prevailing party in such action shall be entitled to recover its reasonable attorneys' fees from the non-prevailing party.

19.    **Representation by Counsel.** All Parties were represented by counsel in the negotiation, drafting, and execution of this Agreement. As such, the Parties agree that any rule of construction that would result in a term being construed against the drafter shall not apply.

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the dates set forth below.

Dated: August 08 , 2025

_____
Anna Toves (Aug 8, 2025 09:57:55 CDT)
Anna Toves

Dated: August 14 , 2025

Mercy-GoHealth Urgent Care, LLC


_____
By: Sarah Coy
Regional President

6